# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| RONALD SHAW, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. 5:16-CV-00033-RWS |
| | § | |
| v. | § | |
| | § | |
| SCOTT YOUNG, WARDEN AT FCI TEXARKANA; | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Ronald Shaw, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636(b)(1) and (3). The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge ("Report") recommending the petition for writ of habeas corpus be denied. Docket No. 11 at 5. Petitioner filed objections to the Report. Docket No. 13. Respondent filed a response. Docket No. 15. The Court reviews the objected-to portions of the Report *de novo*. Fed. R. Civ. P. 72(b)(2).

Petitioner was previously convicted of four criminal offenses. For one conviction he was sentenced to life imprisonment. For the other three convictions he was sentenced to an aggregate consecutive term of imprisonment of 21 years.

Petitioner asserts three grounds for review. First, relying on 18 U.S.C. § 4206(d), he contends the United States Parole Commission incorrectly calculated his mandatory release date.

§ 4206(d) provides, in part, that, "[a]ny prisoner . . . shall be released on parole after serving two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier." Petitioner states § 4206(d) should be interpreted as providing for release on parole when he has served: (a) two-thirds of each consecutive term or (b) 30 years, whichever is earlier. The Magistrate Judge disagreed, concluding an inmate was not eligible for release until serving two-thirds of each component of his sentence. Docket No. 11 at 2. A life sentence is considered to be 45 years. The Magistrate Judge concluded Petitioner would not be eligible for mandatory release until he had served 44 years, 30 years as two-thirds of the life term component of his sentence and 14 years as the term of years component of his sentence. *Id*. at 3.

In his second ground for review, Petitioner contends the 1,808 days of Industrial Good Conduct Time he has earned during his incarceration should be considered to calculate the date on which he is eligible for mandatory release. The Magistrate Judge concluded that as Petitioner's sentence included a term of life imprisonment, his Industrial Good Conduct Time Credits could not be considered in calculating his mandatory release date. Docket No. 11 at 4.

At the time Petitioner committed his offenses, he was to be considered for release on parole every 10 years. The Parole Commission subsequently amended the applicable regulations to provide inmates were only entitled to reconsideration every 15 years. In his third ground for review, Petitioner contends that by extending the time he has to wait to be reconsidered for release on parole, the Parole Commission violated his rights under the *Ex Post Facto* Clause. The Magistrate Judge concluded this ground for review was without merit because a change in law making parole hearings less frequent does not violate the *Ex Post Facto* Clause. Docket No. 11 at 4-5.

In his objections, Petitioner only challenges the Magistrate Judge's conclusion regarding his first ground for review.  As stated above, Petitioner contends § 4206(d) provides he is eligible for release on parole when he has served: (a) two-thirds of each of his consecutive terms of imprisonment or (b) 30 years, whichever is earlier.  The Magistrate Judge concluded Petitioner was not eligible for release until he served two-thirds of each consecutive component of his sentence.  In his objections, Petitioner contends that the inclusion of the disjunction "or" in § 4206(d) renders the statute divisible.  He asserts the "or" in § 4206(d) divides the statutes into two distinct clauses, with the first clause making an inmate eligible for release after two-thirds of each consecutive term and the second clause making an inmate eligible for release after serving 30 years of each consecutive term of more than 45 years, including any life term, whichever is earlier.  Petitioner states that as he was sentenced to a term of life imprisonment plus three consecutive term of years sentences, his situation is governed by the second clause.  He contends that under this clause, he became eligible for mandatory release after serving 30 years because he has only one term of imprisonment longer than 45 years.

Respondent argues that § 4206(d)'s plain language states that a prisoner must serve two-third of "**each** consecutive term or terms" prior to being eligible for a mandatory parole hearing.  Docket No. 15 at 3 (emphasis in original).  According to Respondent, the second clause "or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, which is earlier," modifies the phrase "consecutive term or terms" in the preceding clause.  *Id*.  Respondent argues that Petitioner's interpretation of the statute comports neither with reason nor justice because under this interpretation, no matter how many additional terms an inmate's sentence includes, if one of those sentences is a life sentence, the most that inmate would be required to serve would be thirty years.  *Id*. at 4.

Respondent further argues that Petitioner's reliance on *Bowers v. Keller*, 652 F.3d 1277 (11th Cir. 2011), is unavailing because *Bowers* is factually distinguishable from this case, and because the Eleventh Circuit did not have the opportunity to address the issue presently before this Court. Docket No. 15 at 4. In *Bowers*, the Petitioner only had one life sentence, and while the Eleventh Circuit did address § 4206, it did so in the context of the history of the Parole Commission and its responsibilities. *Id.*

Like the Magistrate Judge, the Court agrees with the interpretation of § 4206(d) relied on by the United States Court of Appeals for the Third Circuit in *Hackley v. Bledsoe*, 350 F. App'x 599 (3rd Cir. 2009). The petitioner in *Hackley* was sentenced to a term of life imprisonment and three consecutive terms of 10 years of imprisonment. He, like the current Petitioner, asserted § 4206(d) required his release after serving 30 years. The Third Circuit disagreed, stating:

> properly read, the statute requires service of two-thirds of "*each consecutive term or terms,*" that is, service of 30 years on the life sentence ("after serving thirty years of each consecutive term or terms of more than forty-five years including any life term"), to which is added service of two-thirds of the remaining aggregate sentence, or 20 years. The statute requires Hackley to serve 50 years.

*Id.* at 602 (emphasis in original).

Additionally, as Respondent points out, the House Conference Report on § 4206(d) provides in relevant part that:

> Lastly, this section provides more liberal criteria for release on parole for prisoners with long sentences after they have completed two-thirds of any sentence, or thirty years, whichever occurs first. In calculating two-thirds of a term, **all sentences imposed consecutively should be considered separately and the time on each sentence added together.**

Docket No. 15 at 5–6 (citing H.R. Conf. Rep. 94–838, 99, *as reprinted in* 1976 U.S.C.C.A.N. 351, 360 (emphasis added). While the legislative history demonstrates that Congress intended the

section to provide more liberal criteria for release on parole for prisoners with longer sentences, each consecutive sentence (including life sentences) should be considered separately, and then added together to calculate the eligibility date.

The Court agrees with the Magistrate Judge's reasoning in the Report. To hold otherwise would make Petitioner's consecutive term-of-year sentences irrelevant to the calculation of his mandatory release date. Moreover, the legislative history of § 4206(d) provides that "all sentences imposed consecutively should be considered separately and the time on each sentences added together." Therefore, as the Magistrate Judge correctly found, Petitioner must serve two-thirds of the 21-year sentence and two-thirds of the life sentence, for a total of 44 years, before becoming eligible for mandatory release.

Accordingly, having reviewed Petitioner's objections *de novo*, the Court **OVERRULES** the objections. The Court further **ADOPTS** in its entirety the Magistrate Judge's Report and Recommendation as the findings of fact and conclusions of law of this Court.

A final judgment will be entered in accordance with the Magistrate Judge's recommendation.

**SIGNED this 22nd day of June, 2018.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE